# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| KATHLEEN GROSS,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | Civil No. 17-5413 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

    This matter comes before the Court upon an appeal by Plaintiff Kathleen Gross from a denial of social security disability benefits on May 12, 2016, which was upheld by the Appeals Council on June 27, 2017. Plaintiff sets forth various arguments as to why the denial was erroneous. The Acting Commissioner of Social Security (the "Commissioner") argues that the final decision was correct and should be upheld.

    For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

**I.    STANDARD OF REVIEW**

1

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

    [A]n individual shall be determined to be under a

disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). In Plummer, 186 F.3d at 428, the Third Circuit described the Commissioner's inquiry at each step of this analysis:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).
>
> In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that [his] impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. Adorno v. Shalala, 40 F.3d 43,

46 (3d Cir. 1994). If the claimant is unable to resume her former occupation, the evaluation moves to the final step.

> At this [fifth] stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984).

## II. **FACTUAL BACKGROUND**

The Court recites the facts herein that are set forth by Plaintiff in her moving brief which facts and are not contested by the Defendant Commissioner. The Plaintiff was born on February 26, 1969, and was 42 years old at her alleged onset date. (Tr. 155).[1] She has a high school education with past work experience as a pharmaceutical lab assistant from 1996 to September 2011. (Tr. 318). Plaintiff was insured for the purpose of DIB benefits only through December 31, 2016. (Tr. 23, 313).

In February 2007, neurologist Dr. Mandel examined Ms. Gross for ongoing neck, low back, and foot pain and hand numbness; she was known to have a history of lumbar radiculopathy and

---

[1] "Tr." Refers to the record docketed at Docket Entry No. 8.

degenerative changes of the cervical spine. (Tr. 577); *see also* (Tr. 561-63, 858-70, 879-80). EMG and nerve conduction studies were performed in both upper extremities, indicating "bilateral carpal tunnel syndrome [and] evidence of chronic C5-6 radiculopathy[.]" (Tr. 578-79). Updated studies of the lower extremities were also performed, with "evidence of acute L5 radiculopathy[.]" (Tr. 578-79). MRIs confirmed disc protrusions at C4-5 and C5-6, with mild disc bulging at L5-S1. (Tr. 580-82).

Psychiatrist Dr. Kothari provided treatment from May 2007 through August 2, 2011, during which Ms. Gross was prescribed Klonopin for anxiety but declined treatment with antidepressants; historical notes indicate a diagnosis of Major Depression, Recurrent, Moderate and Generalized Anxiety Disorder, with delusions of parasites and trials of Cymbalta and Vistaril. (Tr. 659-88). In May and August 2011, Ms. Gross reported having problems at work with her supervisor. (Tr. 659, 662). At her last treatment visit, she continued on Klonopin as needed for anxiety, and was noted to have an anxious to normal affect. (Tr. 659).

Plaintiff applied for SSDI and SSI, protectively on June 10, 2013, alleging disability as of September 21, 2011, due to arthropathy, fibromyalgia, depression and anxiety, and other conditions. (Tr. 153, 155, 286-99, 313). After her application was denied initially and upon reconsideration by the State agency, she

5

requested a hearing. (Tr. 153-252). A hearing was held before Administrative Law Judge Karen Shelton ("ALJ") on February 17, 2016, at which Ms. Gross appeared with counsel and vocational witness William Slaven, III, testified at the Commissioner's request. (Tr. 62-116, 274). On May 12, 2016, the ALJ issued an Unfavorable Decision finding Ms. Gross not disabled. (Tr. 21-31). The ALJ found that Ms. Gross' earnings of $132 in 2012 were not substantial gainful activity. (Tr. 24).

The ALJ then found that despite severe,[2] non-listing level impairments of "dermatitis, dysfunction of major joints, lumbar degenerative disc disease, spine disorders, fibromyalgia, irritable bowel disease, affective disorder, anxiety disorder, and somatoform disorder" (Tr. 24, 29-33) that Ms. Gross retained the residual functional capacity to perform "sedentary work as defined in 20 CFR 404.1567(a)[]" and:

> can occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds, she can perform occasional balancing, stooping, kneeling, crouching and crawling, frequent handling and fingering, she can understand, remember and carry out simple, routine and receptive [sic] tasks, in a work environment free of fast paced production requirements, involving

---

[2] The ALJ found that Ms. Gross' other impairments of gastroesophageal reflux disease ("GERD"), gynecological impairments, headaches/temporomandibular pain ("TMJ"), carpal tunnel syndrome, floating cysts in hands, hyperlipidemia, hyperthyroidism, pituitary microadenoma, mastodynia, acute bronchitis, sinusitis, pharyngitis, left breast cyst, dysuria, and abdominal pain" were non-severe. (Tr. 24-29).

6

> only simple work related decisions with few, if any,
> work place changes. She can work for 2 hours before
> needing a break, can have occasional contact with
> supervisors, and work with co-workers in proximity but
> not on joint or shared tasks, working primarily with
> things rather than people and occasional contact with
> the public, which is brief and superficial in nature.

(Tr. 34). The ALJ found that Ms. Gross' allegations of symptoms and limitations were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 35). The ALJ further found Ms. Gross was not able to return to her past relevant work. (Tr. 53). However, the ALJ found that Ms. Gross could perform a significant number of other sedentary jobs as an assembler – optical goods (DOT 713.687-018), addressing clerk (DOT 209.587-010 but as described by Mr. Slaven), and cutter (DOT 249.587-014). (Tr. 54). Ms. Gross requested review of the ALJ's decision with the Appeals Council,3 which was denied on June 22, 2017. (Tr. 1-7, 391-92). Accordingly, the ALJ's decision became the final decision of the Commissioner.

### III. ALJ'S DETERMINATION

Relevant to the issues presented on appeal, and as described above, the ALJ found at step four that Plaintiff retained the residual functional capacity to perform "sedentary work as defined in 20 CFR 404.1567(a)."
[R.P., p. 18]

### IV. ANALYSIS

Plaintiff first argues that despite the ALJ finding that her affective and anxiety disorders were severe impairments, she failed to set forth how she weighed the opinion of Dr. Mintzer, a licensed psychologist. Dr. Mintzer opined that Ms. Gross' impairments were "expected to last for the next 12 months," that her "limitations are caused by a combination of physical health problems and psychological problems;" that overall her <u>"limitations are moderate to severe in degree," and her "prognosis appears to be guarded."</u> (Tr. 692 (emphasis added)) Plaintiff contends that Dr. Mintzer's opinion was not reconciled with the ALJ's residual functional capacity allowing for the performance of "simple, routine and receptive tasks" with occasional tasks with others. (Tr. 34) The Commissioner responds that the ALJ took note of Dr. Mintzer's findings in her decision, and even noted his GAF score assessment of 55. The Commissioner also contends that Dr. Mintzer did not offer an "opinion" about Plaintiff's ability to work.

Plaintiff replies that the Commissioner appears to be giving a post hoc rationale for the ALJ's decision. The Court agrees. There is nothing in the ALJ's decision to determine how the ALJ weighed Dr. Mintzer's opinion. The psychologist found that Plaintiff had a GAF score of 55 and even with such score, Plaintiff's limitations are moderate to severe with a guarded prognosis. Moreover, such impairments would be expected to last

8

for a year. Yet, the ALJ offered no explanation of how she afforded "great weight" to the GAF score of 55 "which is consistent with [her] conclusions reflecting no more than moderate limitations." (Tr. 53) In other words, on what basis did she reject Dr. Mintzer's contrary opinion that Plaintiff had a GAF score of 55 with "moderate to severe" limitations?

Nothing in the ALJ's decision suggests that the ALJ considered Dr. Mintzer's contrary finding. If the ALJ did consider such evidence and rejected it, she must say so and articulate a reason. Cf. Stewart v. Sec'y of Health, Educ. & Welfare of U.S., 714 F.2d 287, 290 (3d Cir. 1983) ("In this instance the ALJ failed to provide any explanation for his implicit rejection of Stewart's testimony regarding the effects of the [opioid] medication he took [for his back pain]. Had he credited his testimony, the ALJ would have had to conclude, in view of the vocational expert's testimony, that Stewart's ability to perform light or sedentary work was doubtful. This in turn might well have led to the conclusion that the claimant was disabled. In view of the ALJ's complete failure to explain whether Stewart's testimony concerning the effects of his medication was not credited or simply ignored, and his failure to offer any justification for his action, we will remand the case to the district court with instructions to remand it to the ALJ for reconsideration and further findings."); see generally, Figueroa v. Sec'y of Health, Ed. & Welfare, 585 F.2d

9

551, 554 (1st Cir. 1978) ("At very least, the administrative law judge should have made a finding on appellant's claim regarding [medication] side effects, making it possible for a reviewing tribunal to know that the claim was not entirely ignored. We conclude, therefore, that good cause is shown to remand to the Secretary.").

"The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review." Sanford v. Comm'r of Soc. Sec., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014)(citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)); see also Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016)("The Third Circuit 'requires the ALJ to set forth the reasons for his decision.'")(quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 123 (3d Cir. 2000))(Bumb, D.J.). The Court cannot determine on the present record why the ALJ did not discuss the conclusions of Dr. Mintzer. It may well be the case that, upon remand, the ALJ will arrive at the same ultimate decision that Plaintiff is not disabled. At this juncture, however, the ALJ must provide additional explanation for the decision.

Plaintiff also contends that the ALJ further erred in selectively rejecting the opinions of all treating sources. The Court does not agree. A review of the voluminous record

10

demonstrates that the ALJ thoroughly summarized the objective medical evidence and set forth the weight she assigned to the opinions.  The fact that this Court may have decided the inquiry differently is not a basis for this Court to find that the ALJ's decision as to these opinions was not supported by substantial evidence.  See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001)("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.")

Finally, Plaintiff contends that the ALJ erred in assessing her credibility because the ALJ provided her own lay opinion of how Plaintiff's objective test results would compare to other hypothetical individuals.  The Court agrees.  As set forth in the ALJ's opinion, the ALJ appears to have discredited Plaintiff's complaints of elevated pain levels based upon "complaints of those individuals having significantly more pathology."  This the ALJ cannot do.  See, e.g., Shannon v. Commissioner of Social Security, 2016 U.S. Dist. LEXIS 127923, *42-43 (D.N.J. 2016).  Accordingly, this matter will be remanded on this ground as well.

**ACCORDINGLY**, it is on this **20th** day of **December 2018**,

**ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

**ORDERED** that the Clerk of Court shall close this case.

<pre>
                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge
</pre>